# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )        Case No. CIV 05-371-N-EJL
)
                    Plaintiff, )        MEMORANDUM ORDER
    vs. )
)
KIMBALL INTERNATIONAL, INC., dba )
FLEXCEL, )
                    Defendant. )
)

Pending before the Court in the above-entitled matter are the Defendant's motion for summary judgment and Defendant's motion to strike. The parties have filed responsive briefing and the matters are now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument. Local Rule 7.1.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), has filed a complaint in this matter alleging the Defendant, Kimball International, Inc. ("Kimball") doing business as "Flexcel," violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA"). Specifically, the complaint alleges Kimball engaged in unlawful age discrimination when it fired Robert Zychek, age 59 at the time of termination, under the guise of a reduction in force program. Kimball has

MEMORANDUM ORDER                                                    1

filed the instant motion for summary judgment arguing the termination of Mr. Zychek was a legitimate reduction in force ("RIF") event.

SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure, which provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).  If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine."  An issue is "material" if it affects the outcome of the litigation.  An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute .  .  . to require a jury or judge to

---

[1]  See also, Rule 56(e) which provides, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

resolve the parties' differing versions of the truth at trial."  Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)).  The Ninth Circuit cases are in accord.  See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).  When applying this standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment.  Abordo v. Potter, 2006 WL 2434197 *8 (N.D. Cal. 2006) (citing Thornhill Publishing Co, Inc v. GTE Corp, 594 F.2d 730, 738 (9th Cir. 1979).  Hearsay statements in affidavits are inadmissible.  Id.  (citing Japan Telecom, Inc v. Japan Telecom America Inc., 287 F3d 866, 875 n. 1 (9th Cir. 2004).

DISCUSSION

The ADEA directs that employers may not "fail or refuse to hire or...discharge any individual [who is at least forty years old] or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  There are "two theories of employment discrimination: disparate treatment and disparate impact."  Enlow v. Salem-Keiser Yellow Cab, Inc., 389 F.3d 802, 812 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005) (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993).  The EEOC's claim here is one for disparate treatment.  "Disparate treatment is demonstrated when [t]he employer simply treats some people less favorably than others because of their race, color, religion [or other protected characteristics]."  Id. (internal quotations and citations omitted).  The Supreme Court has instructed that "liability [in a

disparate treatment claim] depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision."  Id. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000)).  Thus, "the plaintiff's age must have actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome." Id. (citation omitted).

Plaintiff can prove its prima facie case by either direct evidence of discriminatory intent or based on a presumption arising from the factors set forth in the McDonnell Douglas burden shifting analysis utilizing circumstantial evidence.  See Wallis v. J.R. Simplot, 26 F.3d 885, 889 (9th Cir. 1994).  Here, the EEOC has alleged both.[2]

1)     Direct Evidence:

Where discrimination is proven by direct evidence it negates the need to engage in the McDonnell Douglas burden shifting analysis.  See Enlow, 389 F.3d at 812 (citation omitted). "Direct evidence, in the context of an ADEA claim, is defined as evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude...sufficient to permit the *fact finder* to infer that the attitude was more likely than not a motivating factor in the employer's decision."  Id. (emphasis in original) (citation omitted).

The EEOC argues Kimball fired Mr. Zychek in April of 2003 because of his age, not the RIF.  In support of this claim, the EEOC maintains it has direct evidence of the age discrimination based on two incidents.  The first incident occurring when "Cell Manager Cathy

---

[2] Kimball has filed a motion to strike the EEOC's statement of facts arguing the manner in which it was filed violates the applicable rules and without it the EEOC has failed to demonstrate the existence of a genuine issue of material fact.  The Court has reviewed the motion and finds the EEOC's filing of its statement of facts in support of its motion for summary judgment is not technically consistent with Local Civil Rule 7.1(c)(2).  This submission, however, has not impacted the Court's decision on summary judgment and, therefore, the motion to strike is deemed moot.

Fleetwood told Phil Stucke, lead, and Russ St. Germain, backup Lead, approximately less than a year before the April, 2003 RIF that Flexcel needed to fire Zychek and hire someone 'younger' who could work at 100% efficiency." (Dkt. No. 28, p. 4).  The second incident alleged by the EEOC is that "During the same time period, Stucke made repeated derogatory comments about Zychek's age and his ability to work." (Dkt. No. 28, p. 4).  These statements, EEOC argues, are direct proof of discriminatory animus because they were made by Ms. Fleetwood, who was the "key decisionmaker" in selecting Mr. Zychek for termination and by Mr. Stucke who "mirrored" Ms. Fleetwood's age bias.  (Dkt. No. 28, p. 4). Kimball contends that these "incidents" were merely stray remarks and insufficient to establish a violation of the ADEA because the comments were made almost a year before the RIF and were not made in connection to the RIF, thus, they do not qualify as direct evidence.  The Court agrees.

The incidents cited by the EEOC here do not, as a matter of law, directly prove discrimination by Kimball so as to defeat Kimball's motion for summary judgment.  Even assuming the facts are as the EEOC alleges, the comments lack a temporal and contextual connection to Mr. Zychek's termination such that the fact finder could infer that a discriminatory attitude was more likely than not a motivating factor in Kimball's decision to terminate Mr. Zychek.  Therefore, the Court must employ the <u>McDonnell Douglas</u> burden shifting analysis.

2)      <u>McDonnell Douglas Burden Shifting Analysis</u>:

"To establish a prima facie ADEA case using circumstantial evidence, employees must demonstrate that they were: (1) members of the protected class, that is, at least age 40; (2) performing their jobs satisfactorily; (3) discharged; and (4) replaced by substantially younger employees with equal or inferior qualifications."  <u>Coleman v. The Quaker Oats Co.</u>, 232 F.3d 1271, 1281 (9th Cir. 2000).  "Where, as here, the discharge in question results from a general

reduction in workforce, [plaintiffs] need not show that they were replaced; rather they need show through circumstantial, statistical, or direct evidence that the discharge occurred under circumstances giving rise to an inference of age discrimination.   This inference can be established by showing the employer had a continuing need for [their] skills and services in that [their] various duties were still being performed' or by showing that others not in [their] protected class were treated more favorably."   <u>Coleman</u>, 232 F.3d at 1281 (citations and quotations omitted).

"[I]f an employee presents prima facie circumstantial evidence of discrimination, the burden shifts to the employer to produc[e] evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason."   <u>Enlow</u>, 389 F.3d at 813.   The burden then reverts back to the plaintiff to establish that the defendant's legitimate nondiscriminatory reason for termination was merely pretext that discrimination more likely motivated its decision to terminate.   <u>See</u> <u>Pottenger v. Potlatch Corp.</u>, 329 F.3d 740, 747 (9th Cir. 2003).

        a)     <u>Prima Facia Case</u>:

For purposes of this motion, the parties appear to agree on each of the elements of the prima facia case with the exception of the second, that Mr. Zychek was performing his job satisfactorily.   Kimball points to several work evaluations for Mr. Zychek reflecting that he was slow and failed to meet work productivity expectations.   Kimball notes it was forced to assign Mr. Zychek to a particular machine, the Feldman machine, because he was too slow on other equipment and machines in the department and that other employees frequently complained about his slowness.   The EEOC maintains that Mr. Zychek's poor work performance evaluations were not objective, reliable, or accurate; asserting the productivity measure set by

Kimball was flawed because: 1) it was based on employees' daily reports which were routinely falsified by employees and which Kimball never checked to ensure accuracy and 2) the productivity reports failed to account for unexpected delays in set up or breakdowns of the machines.  Kimball counters noting that the EEOC does not dispute that Mr. Zychek was slow and contends that any flaws in the productivity and efficiency measures were not targeted at disadvantaging older employees but that any flaws impacted all employees equally.

In viewing the evidence in the light most favorable to the non-moving party, the Court concludes that the EEOC has failed to demonstrate an element of the *prima facie* case; that Mr. Zychek was performing his job satisfactorily.  Kimball has brought forth evidence that Mr. Zychek was slow in his job resulting in complaints from co-workers and poor performance evaluations.  Under Celotex the burden on summary judgment then shifts to the non-moving party to make a showing as to an essential element upon which it bears the burden of proof at trial.  See Celotex, 477 U.S. at 322.  The EEOC does not dispute that Mr. Zychek was slow in his work but instead has contested the manner in which Kimball evaluated job performance and set performance goals.  As Kimball points out, even if the evaluations were flawed as the EEOC has argued, they were flawed as to all employees regardless of their age.  The EEOC does not contend that the faulty evaluations were not faulty because of age discrimination but due to poor management and oversite.  The Court concludes the evidence would not support a jury's finding that Mr. Zychek was performing his job satisfactorily.  As such, the Court will grant Kimball's motion for summary judgment.  Alternatively, were the Court to conclude that the EEOC has met the requirements for a prima facie case, thereby shifting the burden to Kimball to demonstrate a legitimate nondiscriminatory reason for its termination of Mr. Zychek, the decision on the motion would remain the same.

b)    Legitimate Reason:

Kimball argues Mr. Zychek was fired as a result of a reduction in force and not based on any discriminatory motive. "A reduction-in-force is itself a legitimate nondiscriminatory reason for laying off an employee." Coleman, 232 F.3d at 1282. Thus, the burden shifts back to the EEOC to show pretext.

c)    Pretext:

The issue now turns to whether the EEOC has produced sufficient evidence to raise a triable issue of fact as to whether the reasons proffered by Kimball for terminating Mr. Zychek's employment were a pretext for discrimination. "A plaintiff 'may prove pretext either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" Bodett v. Coxcom, Ind., 366 F.3d 736, 743 (9th Cir. 2004) (citing Raad v. Fairbanks North Star Borough School Dist., 323 F.3d 1185, 1196 (9th Cir. 2003) (citation omitted)). The evidence proffered can be circumstantial or direct. Id. (citing Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221-22 (9th Cir. 1998)). "When the plaintiff offers direct evidence of discriminatory motive, a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial.... Direct evidence is evidence, which, if believed, proves the fact of discriminatory animus without inference or presumption." Id. at 744 (citation omitted). "[W]here direct evidence is unavailable, however, the plaintiff may come forward with circumstantial evidence ... to show that the employer's proffered motives were not the actual motives because they are inconsistent or otherwise not believable. Such evidence ... must be 'specific' and 'substantial' in order to create a triable issue with respect to whether the employer intended to discriminate on the basis of [a prohibited ground]." Id. (citation omitted).

Though a plaintiff may rely upon the same evidence used to establish the *prima facie* case, they must do more than simply deny the defendant's stated justification for the termination and they must offer "specific substantial evidence of pretext."   Coleman, 232 F.3d at 1282 (quoting Wallis, 26 F.3d at 890).   To satisfy its burden, a plaintiff must "produce enough evidence to allow a reasonable factfinder to conclude either: (a) that the alleged reason for [the] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir. 1996).

Here, the EEOC points again to its "direct evidence" of discrimination in addition to other allegations that the RIF was not the motive for Mr. Zychek's termination.  In challenging the genuineness of the RIF, the EEOC points to Kimball's shifting explanations for the RIF and argues Kimball failed to establish cost savings goals or targets to be achieved in the RIF, failed to evaluate any data before stating the number of employees to be terminated, and failed to properly evaluate the three criteria used for selecting employees for the RIF – essentially leaving the selection decisions to Ms. Fleetwood and Arturo Campos.  In evaluating Mr. Zychek, the EEOC argues Ms. Fleetwood and Mr. Campos improperly applied the skill sets evaluation by not crediting him for skills he possessed and failing to review his personnel file.  In addition, the EEOC notes that Kimball retained a younger employee, Eric Pederson, regardless of his poor past conduct and attendance problems and that Kimball began rehiring workers only about six to eight weeks after the RIF – hiring much younger temporary workers which demonstrates there was a continuing need for Mr. Zychek's skills.  The EEOC also offers the affidavit of a former employee, Russell St. Germain, who stated that he believed that Mr. Zychek was denied other jobs at Kimball because of his age.  Mr. Zychek notes that he applied for more than twenty positions but was denied each of those positions due, he believes, to his age.  Kimball maintains

that its discharge of Mr. Zychek was based on the RIF skill sets analysis and the fact that he was the slowest employee in his department, not any discriminatory animus.

The evidence of pretext offered by the EEOC fails to demonstrate that Kimball's reasons for Mr. Zychek's termination were pretextual.  As the Court determined above, the statements of Ms. Fleetwood and Mr. Stucke are not direct evidence of discrimination.   These alleged discriminatory statements were not linked to the RIF or Mr. Zychek's termination either in time or context.   Further, the EEOC has failed to present other "specific and substantial evidence" creating a triable issue with respect to whether the employer intended to discriminate on the basis of age.  Coleman, 232 F.3d at 1282.  The EEOC's case is based upon: 1) statements made nearly a year before the RIF, 2) the flawed performance evaluations, 3) observations of a former employee, 4) the application of the RIF skill sets analysis, 5) the retention and rehiring of younger workers, and 6) the denial of other positions to Mr. Zychek.  The proffered evidence does not satisfy the EEOC's burden.  Stated again, to satisfy its burden, a plaintiff must "produce enough evidence to allow a reasonable factfinder to conclude either: (a) that the alleged reason for [the] discharge was false, or (b) that the true reason for his discharge was a discriminatory one." Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir. 1996).

Kimball's stated reason for terminating Mr. Zychek was the RIF which employed three criteria for determining which employees to lay off: skill sets, performance, and service.  (Dkt. No. 30, Ex. 33).  As to Mr. Zychek in particular Kimball maintains that he was selected for termination in the RIF based on his lack of skill sets and his slow performance, productivity and efficiency.  (Dkt. No. 30, Ex. 33).  Each of the management individuals deposed consistently testified that the goal of the RIF was to retain those employees with valuable skill sets who were productive so as to be able to meet the reduced volume demands with fewer employees.  (Dkt.

No. 20, Depositions of Kenneth Freeman, Debra Williams, and Cathy Fleetwood).  The EEOC argues that Kimball improperly applied the skill sets determination for the RIF to Mr. Zychek and had he been given credit for his actual skills, his seniority in the company would have meant he would be retained over younger employees.  The evidence pointed to by the EEOC, however, does not create a triable issue with respect to whether the employer's true motivation was discrimination.

At best, the EEOC's criticism of Kimball's management and employment of the RIF challenge the management decisions made by Kimball but do not allege discrimination.  The EEOC's arguments made regarding the flaws in performance evaluations reflect only that while they may be flawed, they are flawed across the board as to all employees regardless of age.  The same is true of the application of the skill sets analysis for the RIF.  The EEOC points to the retention of a particular younger employee, Eric Pederson, who had various disciplinary reports and also to the fact that "within weeks after the RIF" Kimball began hiring younger employees.  Even taking these facts as true, they do not present substantial evidence of pretext.  Kimball management stated in their depositions that the application of the skill set for RIF was based primarily upon retaining those skills which Kimball would need in order to meet the volume demands with fewer employees and that Mr. Pederson had particular skills necessary to accomplish that objective.  The EEOC does not dispute Mr. Pederson had valuable skills but, instead, argues Kimball should have considered Mr. Pederson's past disciplinary reports.  This is not an aged based argument but, instead, a challenge to Kimball's process of analysis for determining who would be subject to the RIF and an argument that Mr. Zychek was a better employee than Mr. Pederson.  Similarly, the fact that approximately six weeks after the RIF, Kimball began rehiring "much younger" employees does not raise an inference of discrimination

or demonstrate pretext for the firing of Mr. Zychek.[3]  The depositions of Kimball's management reflects that the rehiring occurred as a result of an increase in volume.  In addition, as Kimball points out and the EEOC does not dispute, 55% of the workers remaining after the RIF were at least forty years old and of the eleven workers rehired after the RIF, five of them, or 45%, were at lease forty years old.[4]  (Dkt. No. 35, p. 6).  Based on the foregoing, the Court concludes that the EEOC has failed to provide sufficient evidence of pretext or an inference of discrimination and the motion for summary judgment should be granted.

ORDER

THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Dkt. No. 17) is GRANTED.  The Defendant's motion to strike (Dkt. No. 34) is MOOT.

DATED:  **February 1, 2007**

Honorable Edward J. Lodge
U. S. District Judge

---

[3]  While true the fact that the company began rehiring employees after the RIF for the same positions Mr. Zychek was performing indicate that the company had a continuing need for his skills and services, this question goes to meeting the fourth element of the *prima facie* case not pretext.

[4]  The EEOC does argue that although three of the employees retained in the RIF were over forty years old, they were all substantially younger than Mr. Zychek and age discrimination still exists even where one person has lost out to another person in the protected class.  While this is true, it is still necessary for the asserting party to show that the person lost out of the job because of their age.  See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312 (1996).  The EEOC has not demonstrated that there is evidence upon which a jury could infer that Mr. Zychek was terminated because of his age.  Even taking the three people over forty who were retained but substantially younger than Mr. Zychek, the fact remains that nearly half of the workers retained by the RIF were over forty years old.